# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

TIMOTHY HUBBERT                                                                 PLAINTIFF

v.                                                                                       No. 4:19CV137-JMV

MARSHAL TURNER, ET AL.                                                DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Timothy Hubbert, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff alleges that he was improperly found guilty of a prison rule violation (assaulting an officer). For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

### Allegations

On January 18, 2019, Timothy Hubbert was asleep in his bunk in Unit 29 E-Building, Bed #101, when he was awakened by a commotion – a fight between an officer and inmates. An unknown person stated that Hubbert was one of the attackers, and, as a result, he received a Rule Violation Report for assaulting an officer. He was placed in the holding tank for two weeks, where he could neither exercise nor shower – and was placed on lockdown for most of those days. He was then placed on long-term lockdown, where he remains. Most days the unit is placed on lockdown. As a result, on those days he cannot shower or enjoy recreation. During the disciplinary process initiated by the Rule Violation Report, the officer who was attacked stated that he could not be sure whether Hubbert was among his attackers or not, as he was too busy fending off the attack by multiple inmates. Hubbert was nonetheless found guilty of the infraction. He cites various flaws in the

grievance process, including lost documentation to support his innocence and an unqualified hearing officer. In addition, some of the inmates who attacked the officer admitted their involvement and stated that the plaintiff did not participate in the attack. His appeal was denied, and the guilty finding remained in effect. His punishment was a reduction in custody classification, as well as loss of all privileges.

## No Violation of Due Process

Under the ruling in *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), the plaintiff has not set forth a valid claim for violation of the Due Process Clause or any other constitutional protection. Though "[s]tates may under certain circumstances create liberty interests which are protected by the Due Process Clause, . . . these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* 115 S. Ct. at 2300 (citations omitted). In *Sandin*, the discipline administered the prisoner was confinement in isolation. This discipline fell "within the expected parameters of the sentence imposed by a court of law," *id*. at 2301, and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id*. Therefore, neither the Due Process Clause itself nor State law or regulations gave rise to a liberty interest providing the procedural protections set forth in *Wolff v. McDonnell*, 418 U.S. 539, 41 L. Ed. 2d 935 (1974). *See also Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (holding prisoner's thirty-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim).

In the present case, the plaintiff's punishment was reduction in custody classification and loss of all privileges. Such punishment clearly falls "within the expected parameters of the sentence

imposed by a court of law" and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Sandin*, 115 S.Ct. at 2301. As such, the plaintiff's allegations regarding violation of his right to due process are without merit, and the instant case will be dismissed for failure to state a claim upon which relief could be granted.

## Taking of Property Without Due Process of Law

It appears that Mr. Hubbert was not permitted to take some of his property to the lockdown unit when he was transferred there.[1] As a result, he claims that he "lost all of his … property." Doc. 1 at 6. The random and unauthorized deprivation of a prisoner's property by a state actor does not violate the prisoner's due process rights if the state provides an adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541-44 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986). This rule, the Parratt/Hudson doctrine, provides "that no constitutional claim may be asserted by a plaintiff who was deprived of his liberty or property by negligent or intentional conduct of public officials, unless the state procedures under which those officials acted are unconstitutional or state law fails to afford an adequate post-deprivation remedy for their conduct." *Martin v. Dallas County, Tex.*, 822 F.2d 553, 555 (5th Cir. 1987); *see also Hudson*, 486 U.S. at 533, *Daniels*, 474 U.S. at 330-31; *White v. Epps*, 411 Fed.Appx. 731 (5th Cir. 2011). Thus, the initial question before the court as to the plaintiff's claim regarding the taking of his property is whether Mississippi law affords him an adequate post-deprivation remedy for his loss.

---

[1] It is not clear whether Hubbert's property was stored such that it could be returned to him when he is transferred from the lockdown unit or simply confiscated and destroyed. The court will assume, for the purposes of this memorandum opinion, that his property will not be returned to him.

In most circumstances, suits against the Mississippi government would be controlled by the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-9 ("MTCA"), which became effective on April 1, 1993. As to suits filed by prisoners, the MTCA states:

> (1) A governmental entity and its employees acting and within the course scope of their employment or duties shall not be liable for any claim:
>
> . . .
>
> (m) Of any claimant who at the time the claim arises is an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution, regardless of whether such claimant is or is not an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution when the claim is filed.

Miss. Code Ann. § 11-46-9(1)(m). At first blush, this statute would seem to foreclose any remedies the plaintiff may have under state law. However, the plaintiff's remedy for the taking of property arises directly from the Constitution of the State of Mississippi, which cannot be circumvented through a state statute. *Pickering v. Langston Law Firm, P.A.*, 88 So.3d 1269 (Miss. 2012). The unlawful taking of an inmate's property can violate Article 3, Section 17 of the Constitution of the State of Mississippi. *Bishop v. Reagans*, 2012 WL 1804623 (S.D. Miss.), *citing Johnson v. King*, 85 So.3d 307 (Miss.App.,2012). Article 3, Section 17 of the Mississippi Constitution reads:

> Private property shall not be taken or damaged for public use, except on due compensation being first made to the owner or owners thereof, in a manner to be prescribed by law; and whenever an attempt is made to take private property for a use alleged to be public, the question whether the contemplated use by the public shall be a judicial question, and, as such, determined without regard to legislative assertion that the use is public.

The circumstances in Johnson are legally indistinguishable from those in the instant case. The prison officials in that case confiscated Johnson's drinking mug and disposed of it. *Johnson v. King*, 85 So.3d 307, 311-312 (Miss. App. 2012). Johnson had purchased the mug from the canteen with his own money. *Id*. The mug as purchased was not considered contraband, and Johnson had not modified the mug in such a way to turn it into contraband. *Id*. The Mississippi Court of Appeals held

that, under these circumstances, the taking of Johnson's mug violated the Mississippi Constitution and that prison officials had to either replace the mug or compensate Johnson for the fair value of the mug. *Id*. Those facts mirror the facts in the present case. As such, the plaintiff in this case has an adequate remedy under state law, and his claims for the taking of his property without due process of law must be dismissed.

## Conclusion

In sum, all of the plaintiff's claims are without merit, and the instant case will be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 19th day of March, 2020.

/s/  Jane M. Virden
UNITED STATES MAGISTRATE JUDGE